USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/27/2019___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE B. MODELL ROSEN,

            Plaintiff,

-against-

N.Y.C. DEPARTMENT OF EDUCATION, ET AL.,

            Defendants.

18 Civ. 6670 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Jane B. Modell Rosen, brings this action against the New York City Department of Education (the "DOE"), Public School 123 Mahalia Jackson ("P.S. 123") Principal Melitina Hernandez, and P.S. 123 Assistant Principals Jennifer Johnson, Sean Dunning, Brittany Velazquez, and Joshua L. Furnell (the "Individual Defendants"), under the Age Discrimination in Employment Act, 29 U.S.C. § 623 (the "ADEA"), Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"), the New York State Executive Law § 290 (the "NYSHRL"), and Title 8 of the New York City Administrative Code (the "NYCHRL"). Compl., ECF No. 8. Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 36. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from Plaintiff's complaint, which the Court accepts as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Plaintiff was born in 1947. Compl. ¶ 2. She began teaching at the DOE in 1970, *id.* ¶¶ 1, 3. In August 2015, Plaintiff was hired by Hernandez as a tenured Individualized Education Program ("IEP") teacher at P.S. 123 to work on the school's compliance with IEP

requirements beginning in the 2015–2016 school year.[1]  *Id.* ¶¶ 6, 11, 23, 34, 42.  Plaintiff was employed at P.S. 123 until May 2017.  *Id.* ¶¶ 6, 238.

For the 2015–2016 school year, Plaintiff received an overall "satisfactory" performance rating.  *Id.* ¶ 30.  However, Hernandez included criticism of Plaintiff's job performance, which Plaintiff grieved through the collective bargaining agreement between the DOE and the United Federation of Teachers.  *Id.* ¶¶ 60–62.  Plaintiff prevailed, and the comment was stricken from the ratings sheet.  *Id.*  Plaintiff had two surgeries in the 2015–2016 school year.  *Id.* ¶ 30.

Notwithstanding Plaintiff's claimed efforts to bring P.S. 123 into IEP compliance, *e.g.*, *id.* ¶¶ 143–148, throughout the 2016–2017 school year, Hernandez allegedly stripped Plaintiff of her IEP teaching duties and transferred IEP responsibilities to younger teachers, increased Plaintiff's teaching responsibilities, and singled Plaintiff out for worse treatment in comparison to her younger colleagues.  *Id.* ¶¶ 105, 186.  For instance, Hernandez allegedly asked Plaintiff to return to classroom teaching in August 2016, which Plaintiff describes as a functional demotion given that Plaintiff's position as IEP teacher had allowed her to exit classroom teaching.  *Id.* ¶¶ 68–70.

Plaintiff also alleges that Defendants denied her several paid opportunities.  For instance, Hernandez denied Plaintiff's request for four paid after school "Extending Learning Time" ("ELT") sessions and assigned her only one such session, while granting the younger teachers' requests for multiple days of ELT session work.  *Id.* ¶¶ 106, 108, 110, 257.  Plaintiff filed a grievance pursuant to the terms of the collective bargaining agreement challenging the partial denial of the request for ELT sessions.  *Id.* ¶ 258.  Plaintiff prevailed, and the DOE was ordered to reimburse Plaintiff for the per session work that she did not receive during the 2016–2017

---

[1] Under the Individuals with Disabilities Education Act (IDEA), every student with an identified disability must have an IEP.  20 U.S.C. § 1414(d); *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107 (2d Cir. 2007).

school year. *Id.* Plaintiff further claims Dunning offered a paid session to other teachers to finalize incomplete IEPs but specifically excluded Plaintiff from the opportunity. *Id.* ¶¶ 55–57, 59. Plaintiff also alleges an increased load of administrative responsibilities. *Id.* ¶¶ 82–89, 98–105, 228–232. Moreover, Plaintiff saw a marked increase in her "teaching periods" (in contrast to "IEP work periods" that would allow Plaintiff to complete IEPs). *Id.* ¶¶ 192–196.

Plaintiff alleges a series of additional actions that Defendants took to single her out from other teachers, such as correspondence that included other teachers but not Plaintiff, *id.* ¶¶ 56–59, and communications that denigrated Plaintiff's job performance before her colleagues, *see, e.g., id.* ¶¶ 77, 133–139, 214, 216–217, 219, and she alleges that, on August 5, 2016, January 31, 2017, and February 3, 2017, Hernandez had security guards escort Plaintiff from her office in full view of other staff, humiliating her. *Id.* ¶¶ 206–213.

Plaintiff also states that, during the 2016–2017 school year, Defendants dramatically reduced Plaintiff's IEP responsibilities, as well as her access to files and information that would have allowed her to fulfill IEP duties. *Id.* ¶¶ 178–204, 220, 223. Plaintiff alleges that Defendants instead transferred the IEP job responsibilities she previously held to younger, less experienced teachers. *Id.* ¶¶ 186, 190; Pl. Opp. at 5–7.[2] In the spring of 2017, a teacher who was in her 20s, Pl. Opp. at 24, and had a little over five years of teaching experience, Compl. ¶ 28, replaced Plaintiff in the school's "[o]rganization [s]heet" as the designated IEP teacher, *id.* ¶ 234. Plaintiff underwent a third surgery in the 2016–2017 school year. *Id.* ¶ 222.

Plaintiff retired on May 8, 2017. *Id.* ¶ 237. She asserts that this alleged constructive discharge denied her the opportunity to obtain summer pay and to reach maximum salary and

---

[2] The Court will consider Plaintiff's additional factual allegations pleaded in her opposition papers. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (considering the allegations the *pro se* plaintiff put forth in his opposition brief as well as the complaint). Given that Defendants have responded to these additional allegations, *see* Def. Reply, ECF No. 52 at 2, 5–6, 10–14, the Court sees no undue prejudice.

higher pension pay, *id.* ¶¶ 238–243. On July 10, 2017, following Plaintiff's retirement, Hernandez modified Plaintiff's evaluations and rated her "unsatisfactory" under "appearance and attendance." *Id.* ¶ 247. Plaintiff alleges this modification was groundless. *Id.* ¶ 249. Specifically, she alleges that she had not received any letter to her file regarding her appearance or attendance during her employment at P.S. 123, or during her prior tenure of employment. *Id.* ¶ 248. Plaintiff alleges that Hernandez "purposeful[ly]" changed these ratings after rating Plaintiff as "satisfactory" under these categories, *id.* ¶¶ 245–247, and that such modification evinced ongoing discrimination and retaliation, *see id.* at 52.³ Plaintiff filed a state administrative complaint on August 25, 2017. *Id.* at 41. Plaintiff filed a dual administrative charge with the New York State Division of Human Rights ("SDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") on September 14, 2017. *Id.* at 39. She received a Notice of Right to Sue from the EEOC on April 25, 2018. *Id.* Plaintiff commenced the instant action on July 24, 2018, ECF No. 2.

## DISCUSSION

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)); *see also Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011). Therefore, when ruling on a motion to

---

³ Pincites to the first amended complaint refer to the ECF-assigned page number.

dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *Nielsen*, 746 F.3d at 62; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ."). "For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks and citation omitted).

The Court must construe a *pro se* complaint liberally, and to interpret a *pro se* plaintiff's claims as "rais[ing] the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (internal citation omitted). Though "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law," *id.* at 477 (internal citation and quotation marks omitted), "[t]he obligation to be lenient while reading a *pro se* plaintiff's pleadings applies with particular force when the plaintiff's civil rights are at issue." *Workneh v. Super Shuttle Int'l, Inc.*, No. 15 Civ. 3521, 2016 WL 5793744, at *1 (S.D.N.Y. Sept. 30, 2016) (internal quotation marks and citation omitted).[4]

---

[4] Defendants argue that Plaintiff abandoned certain claims by failing to respond to some of their arguments in her opposition. Def. Reply at 6–7. The cases Defendants cite in support of their argument are, however, inapposite, because litigants had the benefit of counsel. *See id.* at 7 (citing *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 617 (E.D.N.Y. 2017); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997)). Considering Plaintiff's *pro se* status, the Court will not deem her claims abandoned. *See, e.g.*, *James v. Gage*, No. 15 Civ. 106, 2018 WL 2694436, at *14, n.15 (S.D.N.Y. June 5, 2018) ("Plaintiff did not address this argument in his opposition [to defendants' motion to dismiss] but, in light of his *pro se* status, the Court will not deem this claim abandoned."); *Lipton v. Cty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (noting that although courts "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed . . . [a]pplication of this proposition is, however, tempered by [the court's] discretion").

II. Analysis

Plaintiff brings claims under the ADEA, ADA, NYSHRL, and NYCHRL. Defendants argue that certain of Plaintiff's ADEA and ADA allegations are time barred, move to dismiss the NYSHRL and NYCHRL claims as untimely, and move to dismiss all claims for failure to state a claim for relief upon which relief may be granted. Def. Mem. at 9–26. The Court will first consider issues of timeliness, and then turn to substantive analysis.

A. Timeliness of the ADEA and ADA Claims

For ADEA and ADA claims, "generally if the plaintiff has initially filed an administrative claim in a state whose laws prohibit such discrimination, the limitations period for filing an action is 300 days after the alleged unlawful practice." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (citing 29 U.S.C. § 626(d)(1)(B)); *e.g.*, *Liles v. N.Y. City Dep't of Educ.*, 516 F. Supp. 2d 297, 313 (S.D.N.Y. 2007) (reviewing ADEA and ADA claims for timeliness within the 300-day period). Plaintiff filed her SDHR charge on September 14, 2017. Compl. at 40. As such, the 300-day period began on November 18, 2016. Defendants argue that "any ADEA or ADA claim accruing more [before] November 18, 2016, is time-barred." Def. Mem. at 9, ECF No. 37. The Court agrees in part.[5]

1. Constructive Discharge and Retaliation Claims

Where Plaintiff "complains of discrete discriminatory or retaliatory acts such as 'termination, failure to promote, denial of transfer, or refusal to hire,' such claims are not actionable if they occurred prior to the 300-day period even though they may be 'related to' acts that occurred within the permissible 300-day period." *Davis-Garett*, 921 F.3d at 42 (quoting

---

[5] Because Plaintiff does not clearly distinguish between the allegations that support her age and disability discrimination claims, *see generally* Compl., and at times conflates them, *e.g.*, Pl. Opp. at 7, for evaluating timeliness only, the Court will consider the ADEA and ADA claims together.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002)). Plaintiff alleges she was constructively discharged on May 8, 2017, Compl. ¶ 237, well within the 300-day period. Thus, Plaintiff's ADEA and ADA constructive discharge claims are timely.

Turning to the retaliation claims under the ADEA and ADA, the Court construes the complaint liberally and considers Plaintiff's allegation of a retaliatory act following her retirement, *see, e.g.*, Compl. ¶¶ 38, 246–249 (alleging that Hernandez modified Plaintiff's attendance and appearance rating to "unsatisfactory" on July 10, 2017). Because this alleged incident falls well within the 300-day period prior to filing her administrative complaint, Plaintiff's ADEA and ADA retaliation claims are timely.

The Court will, moreover, consider allegations prior to November 18, 2016 as relevant background evidence for Plaintiff's ADEA and ADA constructive discharge and retaliation claims. *See Davis-Garett*, 921 F.3d at 42 ("[E]ven with respect to a claim of discrete discriminatory or retaliatory acts, expiration of the limitations period does not bar an employee from using the prior acts as background evidence in support of a timely claim.") (internal quotation marks and citation omitted)); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176–77 (2d Cir. 2005) ("[R]elevant background evidence, such as statements by a decisionmaker or earlier decisions typifying the retaliation involved, may be considered to assess liability on the timely alleged act.").

2. Hostile Work Environment Claims

"Hostile environment claims, however, are different in kind from discrete acts, as their very nature involves repeated conduct." *Davis-Garett*, 921 F.3d at 42 (quoting *Morgan*, 536 U.S. at 115) (internal quotation marks and alterations omitted). As a result, a "charge alleging a hostile work environment claim will not be time barred so long as all acts which constitute the

claim are part of the same unlawful employment practice *and at least one act falls within the time period.*" *Id.* (internal quotation marks, citation, and alterations omitted).

Construing the *pro se* complaint liberally, Plaintiff alleges that she experienced a hostile work environment beginning in the late spring of 2016 and extending throughout her employment thereafter. *See* Compl. ¶¶ 45–58, 237–238. Because the amended complaint contains allegations of hostile work environment within the 300-day period (*i.e.*, after November 18, 2016), and prior alleged acts are plausibly part of the same unlawful employment practice, Plaintiff's hostile work environment claim is timely and allegations of events prior to November 18, 2016 will be considered. Therefore, the Court rejects Defendants' argument that factual allegations from the 2015–2016 school year are time barred. Def. Mem. at 9.

### B. Timeliness of the NYSHRL and NYCHRL Claims

"Section 3813 of New York's Education law requires the filing of a notice of claim prior to the commencement of an action against the DOE or its officers," including "causes of action sounding in discrimination." *Smith v. N.Y. City Dep't of Educ.*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (citing N.Y. Educ. Law § 3813(1)); *see also Elgalad v. N.Y. City Dep't of Educ.*, No. 17 Civ. 4849, 2018 WL 4572237, at *4 (S.D.N.Y. Sept. 24, 2018). The notice of claim must be filed with the DOE within 90 days of the action accruing. N.Y. Educ. Law § 3813(1). Defendants argue that Plaintiff's claims are barred because she filed her notice of claim on August 25, 2017, more than 90 days after it accrued. Def. Mem. at 11. The Court agrees that any claims that accrued prior to May 27, 2017 are time barred. Plaintiff's constructive discharge claims under NYSHRL and NYSCHRL are, therefore, untimely. *See Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) ("Section 3813(1) of the State Education Law makes the filing of a notice of claim within three months after the accrual

8

of a claim an absolute condition precedent to the filing of a lawsuit."). Accordingly, Defendants' motion to dismiss the NYSHRL and NYCHRL constructive discharge claims is GRANTED.

However, as with Plaintiff's ADEA claim, the Court will again consider July 10, 2017—the date of Hernandez's alleged alteration of Plaintiff's performance rating—as the date of accrual for Plaintiff's retaliation claims under the NYSHRL and NYCHRL. *Cf. Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 71 n.2 (2d Cir. 2004) ("Since the [NYSHRL] mirrors the requirements of the ADEA, violation of one necessarily implies violation of the other."); *Mi-Kyung Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 506 (S.D.N.Y. 2013) ("Claims under the NYCHRL must be reviewed . . . more liberally than their federal and state counterparts." (internal citation, quotation marks, and brackets omitted)). And because Plaintiff alleges that Hernandez's teacher feedback, criticism, and ratings contributed to the hostile working environment, *e.g.*, Compl. ¶¶ 93, 146, the Court will consider July 10, 2017 as the date of accrual for Plaintiff's hostile work environment claim under the NYSHRL and NYCHRL.[6] Therefore, Plaintiff complied with the notice requirement, and the NYSHRL and NYCHRL hostile work environment and retaliation claims are not time barred. However, the Court will address, *infra*, whether Plaintiff states claims upon which relief may be granted.

C. ADEA and ADA Claims Against the Individual Defendants

Individual employees cannot be held liable for violations of the ADEA or ADA. *Martin v. Chem. Bank*, 129 F.3d 114, at *3 (2d Cir. 1997) (holding that individual supervisors are not liable under ADEA) (unpublished); *Ivanov v. N.Y. City Transit Auth.*, No. 13 Civ. 4280, 2014

---

[6] *Cf. Morgan*, 536 U.S. at 117 ("Subsequent events . . . may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole.") (discussing Title VII hostile work environment); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000), *superseded on other grounds by* N.Y.C. Local L. No. 85 ("[C]onsideration of claims brought under the state and city human rights laws parallels the analysis used in Title VII claims.").

WL 2600230, at *5 (S.D.N.Y. June 5, 2014) (holding that individual supervisors are not liable under ADA). Accordingly, Defendants' motion to dismiss the ADEA and ADA claims against Hernandez, Johnson, Dunning, Velazquez, and Furnell is GRANTED.

Next the Court addresses whether Plaintiff has stated bases for relief under the ADA, ADEA, NYSHRL, and NYCHRL.

### D. ADA Claims Against the DOE

The ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." *Id.* § 12112(b)(5)(A).

To establish a prima facie claim for failure to reasonably accommodate, Plaintiff must show that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodations, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) (internal citation omitted). The ADA prohibits retaliation, *Monterroso*, 591 F. Supp. 2d at 582 (citing 42 U.S.C. § 12203(a)), but the Second Circuit has not definitively recognized a hostile work environment claim arising out of the ADA, *Dollinger v. New York State Ins. Fund*, 726 F. App'x 828, 831 (2d Cir. 2018) ("We have not yet decided whether hostile-work-environment claims are cognizable under the ADA.").

Regardless, Plaintiff has failed to allege that she received unequal treatment "because of"

10

an alleged disability. Plaintiff states that her disability consists of "[v]arious surgeries." Compl. at 42. Plaintiff, however, does not explain how the surgeries constitute a disability under the meaning of the ADA. *Cf. Reid v. Time Warner Cable*, No. 14 Civ. 3241, 2016 WL 743394, at *6 (E.D.N.Y. Feb. 22, 2016) (dismissing ADA claim for failure to allege the extent to which a surgery limited plaintiff's ability to work) (citing cases). Even if the surgeries qualified as a disability under the ADA, Defendants' alleged comments about Plaintiff's health do not support the conclusion that Defendants' actions were "because of" these surgeries. Pl. Opp. at 7 (alleging that Hernandez commented, "Isn't it time to consider your health?" and "Think about [Plaintiff's daughter] Kitty.").[7] *MacEntee v. IBM (Int'l Bus. Machines)*, 783 F. Supp. 2d 434, 445 (S.D.N.Y. 2011) ("[A] single, disability-related comment appears to be neither sufficiently severe nor pervasive enough to alter the terms of her employment."). Moreover, Plaintiff does not allege that Defendants failed to make reasonable accommodations, Compl. ¶¶ 46, 222, or that Defendants denied equal terms or conditions because of her surgeries. Nor does Plaintiff allege that she made a charge of disability discrimination for which she was retaliated. Accordingly, Defendants' motion to dismiss claims under the ADA is GRANTED.

E. ADEA Claims Against the DOE

"With respect to an individual over the age of 40, the ADEA makes it unlawful for an employer to 'discriminate against the individual with respect to his or her compensation, terms,

---

[7] Defendants further argue that the additional allegations in Plaintiff's opposition memorandum cannot be the source of her ADEA and ADEA claims here because they were not raised in the EEOC charge. Def. Reply at 10. However, given that entire *claims* can be brought in federal court if "reasonably related" to a claim filed with the EEOC, Plaintiff's mere addition of allegations to support existing claims, properly brought, will be permitted. *See Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 566 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) ("The required content for an EEOC charge is minimal."); *Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012 WL 2574742, at *6 (S.D.N.Y. June 29, 2012) ("One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" (quoting *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)) (permitting additional claims outside of plaintiff's EEOC charge). Defendants have received adequate notice of Plaintiff's discrimination claims in her EEOC charge to permit the Court's consideration of her additional allegations.

conditions, or privileges of employment, because of such individual's age." *Davis-Garett*, 921 F.3d at 41 (quoting 29 U.S.C. §§ 623(a)(1), 631(a)) (internal quotation marks and brackets omitted). In order to establish a *prima facie* case of age discrimination in violation of the ADEA, a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Friedman v. Swiss Re Am. Holding Corp.*, 643 F. App'x 69, 71 (2d Cir. 2016) (summary order).

At the motion to dismiss stage, Plaintiff need not demonstrate every element of the *prima facie* case of age discrimination, but she must "plausibly plead . . . that the circumstances surrounding an adverse employment action give rise to an inference of age discrimination." *McManamon v. Shinseki*, No. 11 Civ. 7610, 2013 WL 3466863, at *6 (S.D.N.Y. July 10, 2013) (internal quotation marks omitted). The Court addresses constructive discharge, hostile work environment, and retaliation in turn.

Plaintiff has satisfied the first requirement because she was in her late 60s when Defendants allegedly began discriminating against her on the basis of age. Compl. ¶ 2. Plaintiff also satisfies the second requirement, for she plausibly alleges that she was qualified for the position at P.S. 123. *E.g.*, *id.* ¶ 1 (Plaintiff had approximately 39 years of teaching experience), ¶¶ 3–5 (Plaintiff has held a special education teaching license since 1981 and worked as the out-of-classroom IEP teacher at another New York City school for several years), ¶¶ 27, 30 (Plaintiff received an overall "satisfactory" rating for the 2015–2016 school year at P.S. 123), ¶¶ 78–79 (Plaintiff had not received any disciplinary letters in her teacher file in 39 years of teaching and prior to the 2016–2017 school year); *see also Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001) ("[P]laintiff must show only that he possesses the basic skills necessary for

12

performance of the job." (internal quotation marks, citation, and brackets omitted)).

1. Adverse Employment Action

"A plaintiff sustains an adverse employment action if she endures a 'materially adverse change' in the terms and conditions of employment." *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 467 (S.D.N.Y. 2013) (quoting *Malcolm v. Honeoye Falls Lima Cent Sch. Dist.*, 483 Fed. App'x. 660, 662 (2d Cir. 2012)). "The 'adverse change' need not be construed too narrowly. Examples include: termination, demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significant diminished material responsibilities, or other indices . . . unique to a particular situation." *Walsh v. Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467, 477 (S.D.N.Y. 2019) (quoting *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000), *abrogation on other grounds recognized by Davis-Garett*, 921 F.3d).

For this factor, Plaintiff asserts she was subjected to (a) a constructive discharge and (b) a hostile work environment. The Court considers each in turn.

a. Constructive Discharge

A constructive discharge constitutes an adverse employment action. *Shapiro v. NY. City Dep't of Educ.*, 561 F. Supp. 2d 413, 424 (S.D.N.Y. 2008). A "constructive discharge occurs when an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Trachtenberg*, 937 F. Supp. At 468 (internal quotation marks and citation omitted). Working conditions are intolerable when, viewed as a whole, they are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Terry v. Ashcroft*, 336 F.3d 128, 152 (2d Cir. 2003).

Here, Plaintiff adequately alleges that a series of actions taken by Defendants made her

employment intolerable, *e.g.*, Compl. ¶ 94 (allegations that Individual Defendants began "threatening termination"), ¶¶ 228–232 (additional, burdensome tasks), ¶ 206 (Plaintiff was escorted from her office by security guards on three occasions), and she asserts that she was constructively discharged because of her age, ¶ 237; *id.* at 43 (EEOC Charge), Pl. Opp. at 7 (alleging comments from Hernandez that suggested Plaintiff should retire); *id.* at 17–18 (alleging a pattern of behavior toward older teachers).[8] *Walsh*, 375 F. Supp. 3d at 485 (detailing similar allegations sufficient to state a constructive discharge claim). Additionally, many allegations discussed below under hostile work environment lend support to Plaintiff's constructive discharge claim. Plaintiff plausibly alleges constructive discharge, which constitutes an adverse employment action.

b. Hostile Work Environment

Likewise, Plaintiff's hostile work environment claim is adequately pleaded. To make out a hostile work environment claim, the change must be more than "mere inconvenience or an alteration of job responsibilities." *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 204 (2d Cir. 2006) (citation omitted). "A change in duties or job reassignment may be an adverse employment action, if it results in a change in responsibilities so significant as to constitute a setback to the plaintiff's career." *Edwards v. Huntington Union Free Sch. Dist.*, 957 F. Supp. 2d 203, 211 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). "[A] work environment may be actionable if the conduct there is *either* so severe *or* so pervasive as to alter the working conditions of a reasonable employee." *Terry*, 336 F.3d at 149 (internal quotation marks and citation omitted) (discussing hostile work environment claims under Title

---

[8] Defendants argue in reply that Plaintiff failed to avail herself of grievance avenues. Def. Reply at 14–15. However, Plaintiff does allege that she pursued various grievance routes. *E.g.*, Compl. ¶¶ 60–62, 253–258 (alleging that Plaintiff pursued grievances, which were upheld).

VII and ADEA, noting that the "same standards [of hostile work environment brought under Title VII] apply to hostile work environment claims brought under the ADEA"). Second, she must demonstrate a specific basis for imputing the conduct creating the hostile work environment to the employer. *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004); *Terry*, 336 F.3d at 148 n.20.

Plaintiff alleges a series of significant, changed responsibilities that suggest a demotion. For instance, Plaintiff alleges that Defendants increasingly denied her access to the information, files, and responsibilities she needed to carry out the job of an IEP teacher. *See* Compl. ¶¶ 178–204. Plaintiff alleges Hernandez and Velazquez "stripped [Plaintiff] of all [her] duties in a purposeful public forum." *Id.* ¶ 226; *see also id.* ¶¶ 183, 186, 190. During Plaintiff's second year teaching at P.S. 123 and despite a "satisfactory" rating for the first year, a younger teacher replaced Plaintiff in the school's "[o]rganization [s]heet" as the IEP teacher. *Id.* ¶ 234; *see also id.* ¶ 179; Pl. Opp. at 5–7. Furthermore, Plaintiff states that she was "screamed" at by Hernandez and singled out in public and verbal announcements to the school staff. *Id.* ¶¶ 77, 211–214. Hernandez asked Plaintiff to return to classroom teaching, a functional demotion. *Id.* ¶¶ 68–70. Along with allegations considered under constructive discharge, the Court finds that Plaintiff adequately alleges hostile work environment. Plaintiff describes the kind of harassment "of such quality or quantity that a reasonable employee would find the conditions of her employment *altered for the worse*." *Terry*, 336 F.3d at 148 (internal citation omitted).

2. Inference of Age Discrimination

Because Plaintiff has adequately alleged constructive discharge and hostile work environment, the Court proceeds to the fourth factor of a *prima facie* case for ADEA claim. Plaintiff can demonstrate circumstances giving rise to an inference of age discrimination in a

15

"variety of ways." *Del Valle v. City of New York*, No. 11 Civ. 8148, 2013 WL 444763, at *4 (S.D.N.Y. Feb. 6, 2013). These include ageist comments or remarks, evidence that "similarly situated younger employees are treated more favorably than older ones," or statistical evidence demonstrating a pattern of adverse employment actions against other employees. *Id.* (citing cases); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 108 (2d Cir. 2010) (holding that "the fact that other younger employees were not disciplined for violating numerous policies is . . . *prima facie* evidence of discrimination"). Moreover, Plaintiff need not show that age was the only factor herein, but that age was a determinative factor. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 508 (2d Cir. 1994) (internal quotation marks and citation omitted).

Plaintiff alleges that younger teachers were offered paid sessions to finish their IEPs while she was not. Compl. ¶¶ 55–56, 257. She claims that her IEP duties and job title were transferred to a younger teacher. *Id.* ¶¶ 175, 183–187, 234. She alleges that, at least on one occasion, Hernandez praised a younger teacher for work that Plaintiff did. *Id.* ¶ 217. She claims that Defendants laid the school's IEP non-compliance at her feet, effectively "scapegoat[ing]" her instead of disciplining the younger teachers, even though Plaintiff asserts that the school had been out of compliance on IEPs before she arrived and remained so despite her extensive efforts. *E.g.*, *id.* ¶¶ 11, 17–19, 130. Plaintiff further states that other elder teachers experienced similar treatment by Defendants, and that Hernandez commented on Plaintiff's age directly and indirectly, Pl. Opp. at 7, 17–18. Plaintiff contends that these actions suggest age discrimination because she was otherwise the most experienced and knowledgeable staff member at P.S. 123 in special education and in IEP compliance, and, indeed, the reason the school had hired her. Compl. ¶¶ 6, 42, 227. Defendants' argument that Plaintiff offers her "own speculation as to the school administration's motives," Def. Mem. at 16, notwithstanding, the Court must draw all

reasonable inferences in Plaintiff's favor at this stage. And "in light of the not 'heavy' burden of establishing a *prima facie* case," *Phillips v. Orleans Cty.*, No. 18 Civ. 752, 2019 WL 3088051, at *13 (W.D.N.Y. July 15, 2019) (quoting *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)), Plaintiff's ample and detailed allegations support an inference of age discrimination. Accordingly, Defendants' motion to dismiss Plaintiff's ADEA claim under the constructive discharge and hostile work environment theories is DENIED.

### F. ADEA Retaliation Claim Against the DOE

"A prima facie case for retaliation requires (1) that plaintiff was engaged in an activity protected by the ADEA that was (2) known to the employer, and that (3) an adverse employment action was taken against plaintiff (4) that was causally linked to the protected activity." *Hogan v. Metromail*, 107 F. Supp. 2d 459, 472 (S.D.N.Y. 2000) (citing *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir. 1997)). Plaintiff does not allege that she engaged in an activity protected by the ADEA, such as informing Defendants that she believed she was being discriminated against due to her age. *See, e.g.*, *Fraiberg v. 4Kids Entm't, Inc.*, No. 07 Civ. 1411, 2008 WL 821820, at *2 (S.D.N.Y. Mar. 26, 2008) (assuming plaintiff's letter to defense counsel alleging age discrimination was protected activity within the ADEA). Plaintiff's retaliation claim is fatal at the first prong and, accordingly, Defendants' motion to dismiss Plaintiff's ADEA retaliation claim is GRANTED.

### G. NYSHRL Claims Against All Defendants

Plaintiff also brings disability and age discrimination claims under the NYSHRL. Though the NYSHRL has a broader definition of disability than under the ADA, *Katz v. Adecco USA, Inc.*, 845 F. Supp. 2d 539, 548–49 (S.D.N.Y. 2012), and her surgeries may well meet that definition, Plaintiff does not adequately allege that she received any adverse employment action

17

based on the surgeries for the reasons stated above, *Rogers v. N.Y. Univ.*, 250 F. Supp. 2d 310, 313 n.4 (S.D.N.Y. 2002) ("Since the legal standards for discrimination claims under the ADA and under New York state and city law are essentially the same, discussion of the federal ADA claims applies to the state and city claims as well."). And, Plaintiff does not adequately allege that Defendants failed to accommodate the surgeries. *See, e.g.*, *Lewis v. Erie Cty. Med. Ctr. Corp.*, 907 F. Supp. 2d 336, 352 (W.D.N.Y. 2012) (dismissing NYSHRL disability claim for failure to allege lack of reasonable accommodations). Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL disability discrimination claim is GRANTED.

Plaintiff's NYSHRL age discrimination claim, however, survives. As discussed above, Plaintiff adequately alleges hostile work environment, but not retaliation. *Gorzynski*, 596 F.3d at 106 ("The law governing ADEA claims has been held to be identical to that governing claims made under the NYHRL."). Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL age discrimination claim is DENIED.

### H. NYCHRL Claims Against All Defendants

Though the NYCHRL prohibits a broader range of discriminatory conduct than its state and federal analogues, *see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013), Plaintiff does not adequately allege disability discrimination under any theory. Again, even if Plaintiff's surgeries qualified as disabilities, Plaintiff does not allege that she was "treated less well than other employees *because of* her disability." *Berger v. N.Y. City Police Dep't*, 304 F. Supp. 3d 360, 370–71, 373 (S.D.N.Y. 2018) (emphasis added) (internal quotation marks, citation, and brackets omitted) (dismissing NYCHRL disability claim because plaintiff failed to allege facts supporting hostile work environment); *see also Rogers*, 250 F. Supp. 2d at 313 n.4. Accordingly, Defendants' motion to dismiss Plaintiff's NYCHRL disability

18

discrimination claim is GRANTED.

Nor does she make out a claim for retaliation under age discrimination, though, for the reasons stated above, her hostile work environment allegations suffice. *Nixon v. TWC Admin. LLC*, No. 16 Civ. 6456, 2017 WL 4712420, at *5 (S.D.N.Y. Sept. 27, 2017) ("Age discrimination claims brought under the NYCHRL are largely analyzed under the same ADEA framework."). Accordingly, Defendants' motion to dismiss Plaintiff's NYCHRL age discrimination claim is DENIED.

I. Punitive Damages

To the extent Plaintiff sues to recover punitive damages from Defendants, such relief is unavailable under the ADEA, *Boise v. Boufford*, 121 F. App'x 890, 892 (2d Cir. 2005), and NYSHRL, *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001), and punitive damages under NYCHRL are unavailable against the DOE and its employees, *Kohn v. N.Y. City Police Dep't*, 372 F.3d 83, 86 (2d Cir. 2004). As such, Defendants' motion to dismiss Plaintiff's recovery of punitive damages is GRANTED.[9]

---

[9] In any event, Plaintiff appears to seek money damages for lost summer pay, lost opportunity to reach maximum salary pay and increased pension, as well as emotional distress, *see* Compl. at 7, 53. Because Defendants move only to dismiss Plaintiffs' claims of *punitive* damages, the Court will not opine, at this stage, on the merits of Plaintiff's remaining requests for damages.

# CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the amended complaint, ECF No. 8, is GRANTED in part and DENIED in part. Specifically:

- Plaintiff's ADEA and ADA claims against the Individual Defendants are DISMISSED;
- Plaintiff's ADA, NYSHRL, and NYCHRL disability discrimination claims against all Defendants are DISMISSED;
- Plaintiff's NYSHRL and NYCHRL age discrimination claims based on constructive discharge against all Defendants are DISMISSED;
- Plaintiff's ADEA, NYSHRL, and NYCHRL age discrimination claims based on retaliation against all Defendants are DISMISSED;
- Plaintiff's ADEA age discrimination claim based on hostile work environment and constructive discharge against the DOE survives;
- Plaintiff's NYSHRL and NYCHRL age discrimination claims based on hostile work environment against all Defendants survive; and
- Plaintiff's request for punitive damages under the ADEA, ADA, NYSHRL, and NYCHRL against all Defendants is DISMISSED.

Accordingly, Plaintiff may proceed with the following claims against the DOE:

- ADEA age discrimination based on hostile work environment and constructive discharge.
- NYSHRL and NYCHRL age discrimination hostile work environment claims.

Plaintiff may proceed with the following claims against the Individual Defendants:

- NYSHRL and NYCHRL age discrimination hostile work environment claims.

The Clerk of Court is directed to terminate Defendants' motion at ECF No. 36, and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: August 27, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge