UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane B. Modell Rosen,

                              Plaintiff,

-against-

N.Y.C. Department of Education, et al.,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2021

1:18-cv-06670 (AT) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Plaintiff Jane B. Modell Rosen ("Plaintiff" or "Rosen") to compel the deposition of Michelle Malverty ("Malverty"), who is an employee of Defendant New York City Department of Education (the "DOE").[1] (Pl.'s 11/2/21 Ltr. Mot., ECF No. 103.) For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff is pursuing in this case claims against the DOE under the Age Discrimination in Employment Act of 1967 based upon hostile work environment and constructive discharge, and claims against the DOE and the individual Defendants under the New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq.*, and the New York City Human Rights Law, Administrative Code §§ 8-101, *et seq.*, based upon hostile work environment. *See Rosen v. N.Y.C. Dep't of Educ.*, No. 18-CV-06670 (AT), 2019 WL 4039958, at *10 (S.D.N.Y. Aug. 27, 2019). The Amended Complaint makes numerous explicit references to Malverty, the witness Rosen seeks to compel to testify at deposition.

---

[1] During oral argument, defense counsel acknowledged that Malverty is an employee of the DOE and is within the control of DOE.

For example, Rosen alleges that, in January 2017, the majority of her Individualized Education Program ("IEP") teacher duties at P.S. 23[2] were assigned to Malverty, who was a "young special education teacher"[3] with a little over five years of teaching experience, and that, in the Spring of 2017, Malverty replaced Rosen in P.S. 123's "[o]rganization [s]heet" as the designated IEP teacher. (*See* Am. Compl., ECF No. 8, ¶¶ 28, 186, 234.) Rosen further alleges that she mentored and worked closely with Malverty in the 2015/2016 and the 2016/2017 school years. (*See id*. ¶ 29.) In addition, Rosen alleges that she was singled out by Defendants for worse treatment in comparison to her younger colleagues, which included Malverty. (*See id*. ¶¶ 56-59, 105, 184-86.) Judge Torres expressly relied upon many of these allegations in the Amended Complaint in denying Defendants' motion to dismiss Rosen's constructive discharge claims. *See Rosen*, 2019 WL 4039958, at *1-2.

On October 7, 2021, Plaintiff's counsel served a notice of deposition seeking to depose Malverty. (*See* Pl.'s 11/2/21 Ltr. Mot. at 1.) On the same day, defense counsel objected "on relevance grounds." (*See* Defs.' 11/5/21 Resp., ECF No. 104, at 2.)

On November 2, 2021, two days before the discovery deadline,[4] Plaintiff filed the instant motion to compel. (*See* Pl.'s 11/2/21 Ltr. Mot.) On November 5, 2021, Defendants filed their response to the motion to compel. (*See* Defs.' 11/5/21 Resp.) On November 8, 2021, Plaintiff filed her reply. (*See* Pl.'s 11/8/21 Reply, ECF No. 105.)

---

[2] Plaintiff had been hired in August 2015 as a tenured IEP teacher at P.S. 123. *See Rosen*, 2019 WL 4039958, at *1.

[3] Malverty was in her 20s at the time. *See Rosen*, 2019 WL 4039958, at *2.

[4] On September 21, 2021, the discovery deadline was extended, upon application by outgoing defense counsel, so that Defendants' depositions could be taken. (*See* 9/21/21 Order, ECF No. 101.)

On November 12, 2021, oral argument was held by telephone.

## LEGAL STANDARDS

The scope of discovery in the federal courts is quite broad. *See Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 630 (2d Cir. 2018) (recognizing "extremely broad" discovery permitted by Federal Rules of Civil Procedure). Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

"Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CV-07488 (CM) (JCF), 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (internal quotation and citation omitted). As for proportionality, Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

## ANALYSIS

Defendants make two arguments in opposition to Plaintiff's motion to compel. First, they argue that the motion should be denied due to Plaintiff's "one-month delay in bringing this matter to the Court's attention on the eve of the close of discovery." (*See* Defs.' 11/5/21 Resp.

3

at 2.) Second, they argue that "Plaintiff has not made an adequate showing of relevance with respect to [ ] Malverty's testimony." (*See id*.) Neither of these arguments is persuasive.

First, there is no doubt that Plaintiff has acted within the court-imposed deadline in seeking Malverty's deposition testimony since Plaintiff first noticed Malverty's deposition on October 7, 2021, well before the discovery deadline, and made the instant motion to compel before the deadline.

Second, Malverty certainly has testimony to provide that is relevant to Plaintiff's remaining age-related claims since Plaintiff alleges that Malverty, a younger worker, was given Plaintiff's job duties and was treated more favorably than Plaintiff. Defendants appear to suggest that, since Plaintiff already obtained deposition testimony from Defendant Melitina Hernandez ("Hernandez"), who was "the decision-maker," regarding Plaintiff's job duties that Malverty was asked to assume, Malverty's deposition testimony is not needed. (*See* Defs.' 11/5/21 Resp. at 2.) However, Plaintiff is not limited in discovery to obtaining information only from the named Defendants themselves, but is entitled to discovery from other witnesses who have relevant knowledge, particularly a witness like Malverty who is lies at the center of several key allegations in the Amended Complaint. In sum, the Court finds, in its discretion, that Malverty's deposition testimony is relevant and proportional to the needs of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel the deposition of Malverty (ECF No. 103) is GRANTED. Malverty's deposition shall be completed within 30 days of the date of this Order.

**SO ORDERED.**

Dated: New York, New York
       November 12, 2021

                                               _____
                                               STEWART D. AARON
                                               United States Magistrate Judge